IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| SUSAN BODE | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 3:07CV00013   SWW |
| | * | |
| U.S. EXPRESS, INC.; DOE | * | |
| CORPORATION; and JOHN DOE | * | |
| | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |
| | * | |

**ORDER**

Plaintiff Susan Bode ("Bode") filed this personal injury action in state court, seeking damages for injuries she sustained in a motor vehicle accident. Bode named U.S. Xpress, Inc. ("U.S. Xpress"), Doe Corporation, and John Doe as defendants. U.S. Xpress removed the action to this federal Court based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Now before the Court is U.S. Xpress's motion for summary judgment (docket entry #12). After the time for responding to the motion passed, Bode filed a response in opposition (docket entry #13), which the Court has considered. After careful consideration, and for the reasons that follow, summary judgment will be entered in favor of U.S. Xpress.

**I.**

Summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

**II**.

The following facts are undisputed.[1] On December 18, 2003, Bode, accompanied by her husband, drove a tractor-trailer truck on I-40 in West Memphis, Arkansas. According to Bode's deposition testimony, at approximately 7:30 p.m. she drove onto an exit ramp for the purpose of

---

[1] Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried. "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . . " Local Rule 56.1(c).

entering a weigh station. Bode's truck was in a line of trucks attempting to enter the station. Bode reports that a truck behind hers, with the words "US Xpress" painted on the trailer, darted out of line, sideswiped the cab of her tractor, and continued in line in front of her. After the collision, Bode's truck was disabled and unable to move, and she sustained physical injuries.

Bode's husband jumped out of the truck and told people at the weigh station about the collision. A female driver told him that she had been informed that she had "wrecked" another truck. Bode's husband proceeded into the scale house to call an ambulance for his wife. When he exited the building, the aforementioned female truck driver was gone.

Employees of U.S. Xpress commonly pull trailers bearing the name "U.S. Xpress Enterprises, Inc." However, the Bodes report that the trailer of the truck that hit them bore the name "U.S. Xpress." Additionally, as part of a trailer interchange program, numerous other motor carriers pull U.S. Xpress trailers. When another motor carrier pulls a trailer owned by U.S. Xpress, U.S. Xpress does not employ and has no control over the driver. On December 18, 2003, U.S. Xpress had active interchange agreements with 119 motor carriers. Furthermore, there are 17 other motor carriers in the United States that use the name "U.S. Express" or a form thereof on their trailers. U.S. Xpress requires all drivers to notify the company and local authorities immediately following an accident, and it received no reports about an accident occurring on December 18, 2003 at the location of the accident at issue in this case.

Bode has not identified Defendant Doe, but she alleges that Doe drove the truck that struck hers on December 18, 2003. She further alleges that at the time of the accident, Doe was an employee of U.S. Xpress and was acting within the course and scope of her employment, and her conduct is therefore imputed to U.S. Xpress. Alternatively, Bode claims that U.S. Xpress is

liable under "the doctrine of logo liability as encompassed in the Code of Federal Regulations."

### III.

U.S. Xpress asserts that on the present record, no reasonable juror could find U.S. Xpress liable for Bode's injuries.  The Court agrees.   Arkansas law governs the substantive issues in this case.  Accordingly, for Bode to succeed under a *respondeat superior* theory, she must prove that Defendant Doe was, at the time of the accident, an employee of U.S. Xpress acting within the scope and course of employment.  *See J.B. Hunt Transport, Inc., v. Doss*, 320 Ark. 660, 668, 899 S.W.2d 464, 469 (1995).  Given the undisputed evidence, no reasonable juror could find by a preponderance of the evidence, based solely on the words "U.S. Xpress" painted on the back of a trailer, that U.S. Xpress employed the unidentified Jane Doe defendant.

Nor does the Court find genuine issues for trial with respect to Bode's claim for logo liability.  Under the logo liability rule, the lessee of a truck operated under a carrier lease agreement is statutorily liable for damages arising from the negligent operation of the truck.  *See Grinnell Mutual Reinsurance Co. v. Empire Fire & Marine Ins. Co.*, 722 F.2d 1400, 1404 (8th Cir.1983), *cert. denied*, 466 U.S. 951, 104 S.Ct. 2155, (1984); and *Acceptance Ins. Co. v. Canter*, 927 F.2d 1026 (8th Cir .1991)).  Here, Bode presents no evidence of a lease agreement. Furthermore, Interstate Commerce Commission  regulations underlying the logo liability rule have changed, and courts have held that the rule is not longer in effect.  *See Ross v. Wall Street Systems,* 400 F.3d 478, 480 (6th Cir. 2005); *Jackson v. O'Shields*, 101 F.3d 1083, 1088 (5th Cir.1996); *Brown v. Truck Connections International, Inc*., 526 F. Supp. 920 (E.D. Ark. 2007).

### IV.

For the reasons stated, Defendant's motion for summary judgment (docket entry #12) is

GRANTED.  Pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 18TH DAY OF AUGUST, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE